UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY E. PETERSEN, | ) | CIV 07-4114-RHB |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| | ) | |
| DWAYNE RUSSELL, Warden, | ) | |
| South Dakota Women's Prison, | ) | |
| | ) | |
| Respondent. | ) | |

## NATURE AND PROCEEDING OF THE CASE

Petitioner, Mary Peterson, was indicted by a grand jury on December 15, 2004. The indictment alleged that she committed grand theft between April 1, 2003, and November 30, 2004. (CR. 04-6671) An additional indictment was issued on June 22, 2005, charging petitioner with eleven counts of grand theft between November 11, 2002, and March 30, 2003. (CR. 05-3730).

On September 9, 2005, petitioner entered a plea of guilty to the indictment in CR. 04-6671 and also to two counts of the indictment in CR. 05-3730. On November 2, 2005, petitioner was sentenced to serve ten years incarceration for the charge in CR. 04-6671. For the first count in CR. 05-3730, she was sentenced to serve ten years incarceration to run consecutive to the sentence in CR. 04-6671. Petitioner was also sentenced to ten years of incarceration on the second count in CR. 05-3730 to which she pleaded guilty.

The sentence on the second count, however, was suspended subject to the payment of restitution. Previous to petitioner's plea of guilty to the counts in CR. 04-6671 and CR. 05-3730, petitioner had pleaded guilty to charges pending in Davison County to which she had been sentenced to serve six years incarceration and the payment of restitution in the amount of $5,230.32. The ten-year sentence given in CR. 04-6671 was ordered to be served consecutive to this six-year sentence in the Davison County proceeding.

Petitioner did not appeal her sentences. On May 25, 2006, petitioner filed an application for writ of habeas corpus in state court. In the petition, petitioner alleged that the determination by the trial court that the thefts were multiple acts rather than a continuous crime violated her rights against double jeopardy. She also alleged that she received ineffective assistance of counsel as her plea of guilty was not voluntary. An evidentiary hearing was held on February 27, 2007. On April 13, 2007, the state court dismissed the petition. The South Dakota Supreme Court denied petitioner's motion for certificate of probable cause on July 16, 2007.

Petitioner then filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court on August 31, 2007. Originally assigned to Chief Judge Karen E. Schreier, petitioner was allowed to proceed in forma pauperis and the matter was referred to the magistrate judge for further proceedings on August 22, 2007.

On September 19, 2007, respondent filed a motion to dismiss, alleging that petitioner had not exhausted her state court remedies. On March 7, 2008, the magistrate judge recommended that the motion to dismiss be denied. The district court adopted the magistrate judge's report and recommendation on March 24, 2008, and denied respondent's motion to dismiss.

On April 17, 2008, respondent filed a response to the petition for writ of habeas corpus. On December 9, 2008, the magistrate judge received the state court files. On September 19, 2009, Chief Judge Schreier reassigned the matter to this Court. The Order dated August 22, 2007, referring the matter to the magistrate judge for further proceedings, remained in effect. Finally, on February 26, 2009, the magistrate judge received the transcript of the hearing regarding the petition for writ of habeas corpus before the state court. On February 27, 2009, the magistrate judge issued a report and recommendation, concluding that the petition for writ of habeas corpus should be dismissed and notifying petitioner that she had ten days to file her objections, if any.

On March 10, 2009, the Court received a letter motion from petitioner requesting an extension of time to file her objections to the magistrate judge's report and recommendation. The Court granted petitioner's motion for an extension of time. The time for filing objections has now passed and the matter is ripe for disposition.

## DISCUSSION

A.  **Application of 28 U.S.C. § 2243**

Petitioner contends that her petition for writ of habeas corpus should be granted immediately because respondent and the Court failed to comply with the time constraints set forth in 28 U.S.C. § 2243. Title 28 of the United States Code, section 2243 states in pertinent part, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained it shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, Rule 4 of the Rules Governing Section 2254 Cases provides, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

Other courts have held that Rule 4 supersedes § 2243, allowing the Court to determine an appropriate period of time for response. Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985); Baker v. Middlebrooks, 2008 WL938725 (N.D.Fla. 2008). Additionally, the Advisory Committee's Notes to Rule 4 state, "[i]n the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure,

4

Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (see, e.g., Allen, 424 F.2d at 141), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made." In the instant case, respondent was given 30 days to file a memorandum response to petitioner's claims. The Court finds that this was a reasonable period of time and in no way a violation of petitioner's rights. Accordingly, petitioner's motions to grant the writ by reason of default are denied.

B.   **Merits of the Petition**

The Court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). After careful review of the record, the Court concludes that the petition for writ of habeas corpus should be denied.

Initially, the Court finds that an evidentiary hearing is not necessary. Factual findings by a state court habeas proceeding are presumed to be correct. See 28 U.S.C. § 2254(e)(1). The burden is on the petitioner to rebut the presumption of correctness by clear and convincing evidence. See id. The state court proceeding, as evidenced by the

hearing transcript, demonstrates that the merits of the factual disputes were fully considered and adjudicated. Petitioner was given ample opportunity to present her case; she was represented and the testimony of trial counsel was taken. Thus, the Court finds that petitioner was afforded adequate opportunity to be heard which satisfies her procedural due process rights.

1. **Ineffective Assistance of Counsel and Voluntariness of Plea**

Petitioner alleges that she received ineffective assistance of counsel in that her plea was not knowing or voluntary. A review of the transcript of the plea hearing reveals that the trial judge indicated that he would be considering consecutive sentences. Plea Transcript, 2. The trial judge went on to review petitioner's constitutional rights. Plea Transcript, 5-7. Petitioner indicated, under oath, that she was not being coerced into entering a plea. Plea Transcript, 7. Petitioner was also informed of the maximum penalties for the crimes to which she was pleading, including the potential of restitution in the amount of $600,000. Plea Transcript, 3. Thus, the record supports the finding that petitioner's plea was knowing and voluntary.

Furthermore, to substantiate a claim of ineffective assistance of counsel, petitioner must prove both that "counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674

(1984). To establish that counsel's performance was objectively unreasonable, petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Mansfield v. Dormire, 202 F.3d 1018, 1022 (8th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). In addition, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Johns v. Bowersox, 203 F.3d 538, 546 (8th Cir. 2000).

To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Williams v. Taylor, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Moreover, the law places the burden on petitioner to disprove the factual findings of the state court. "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The state habeas court specifically found that "[p]etitioner has failed to show her guilty pleas were not made voluntarily, without the understanding of the nature of the charges and the consequences of the pleas, and has failed to show defense counsel forced her to plead guilty against her will, that his actions fell below an objective standard of reasonableness, or that she was prejudiced by defense counsel's advice to enter pleas of guilty . . . ." CIV. 06-1821, Findings of Fact and Conclusions of Law (Findings of Fact), ¶ 32. Petitioner has not presented clear and convincing evidence that this finding is incorrect. In fact, the record supports the state habeas court's determination that the plea was knowing and voluntary. As a result, petitioner's constitutional rights were not violated and this claim shall be denied.

2. **Due Process Violation of the Speedy Trial Act**

Petitioner next alleges that her right to a speedy trial was violated. The state habeas court determined that petitioner had not preserved this claim. Findings of Fact, ¶ 33. Furthermore, the state habeas court determined that even if the claim had been preserved and properly presented, petitioner had failed to prove a violation. Findings of Fact, ¶ 34.

"Federal courts may not grant a petition for habeas corpus if a state court has denied the asserted claim 'pursuant to an independent and adequate state procedural rule . . . unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Francis v. Miller, 557 F.3d 894, 898 (8th Cir. 2009) (quoting Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

Here, petitioner has not presented any evidence regarding the cause of the default or any potential prejudice that may result by failure to consider the claim. Furthermore, as petitioner entered a knowing and voluntary plea, she is barred from raising claims regarding the alleged deprivation of her constitutional rights that occurred prior to the entry of the plea. The United States Supreme Court has said, "[w]hen a criminal defendant has solemnly admitted in open court that [she] is in fact guilty of the offense with which [she] is charged, [she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973). As a result, the Court finds that this claim must be dismissed.

### 3. Double Jeopardy

Petitioner also alleges that her right to be free from double jeopardy were violated when the trial court determined that each theft was a separate crime as opposed to a continuing criminal enterprise. Again, the state habeas court found that

petitioner had failed to properly preserve and present this claim. Findings of Fact, ¶ 39. The state habeas court further found that even if the claim had been properly presented to the court it would have failed on the merits.

As stated above, when the state habeas court has denied a claim pursuant to an independent and adequate procedural rule then this Court may not consider the claim unless petitioner makes a showing of cause for the default and actual prejudice if the claim is not considered. See Francis v. Miller, 557 F.3d at 898. Petitioner has not made such a showing. Furthermore, petitioner cannot assert claims regarding deprivations of her constitutional rights that allegedly occurred prior to her entering a knowing and voluntary plea to the crime. See Tollett, 411 U.S. at 267, 93 S. Ct. at 1608. As a result, this claim shall be dismissed.

4.    **Judicial Misconduct/Bias**

Petitioner also alleges that her rights were violated during the pretrial stage of the proceedings when the judge did not apply a presumption of innocence when determining her bond. The state habeas court determined that this claim was procedurally barred and that, even if properly presented, it lack merit. Findings of Fact, ¶ 35-36.

Once again, the state habeas court had dismissed the claim based upon an independent and adequate procedural rule. See Francis v. Miller, 557 F.3d at 898.

Again, petitioner has not presented any evidence to demonstrate cause for the failure to properly present the claim. This failure, combined with the prohibition of raising claims of constitutional violations occurring prior to a knowing and voluntary plea, requires the dismissal of this claim. See Tollett, 411 U.S. at 267, 93 S. Ct. at 1608.

5. **Due Process - Restitution**

Petitioner asserts that her due process rights were violated by the trial court when she was not given a hearing regarding the amount of restitution. The Court has previously noted that the trial court informed petitioner at her plea hearing that she may be ordered to pay restitution of up to $600,000. Plea Transcript, 2. At the sentencing hear, the prosecution stated that the amount of restitution requested was $580,617.83. Sentencing Transcript, 2. The trial judge asked if this amount was in dispute. Sentencing Transcript, 2. Defense counsel stated that the amount was not in dispute and had been previously discussed with the prosecution. Sentencing Transcript, 2.

First, the Court notes that this claim was not exhausted at the state court level. As a result, the Court may not entertain the claim. See 28 U.S.C. § 2254. Nonetheless, even if properly presented to this Court, petitioner's claim would fail as she was given an opportunity at the sentencing hearing to contest the amount of restitution requested by the prosecution. As a result, the Court finds that this claim must be dismissed.

## CONCLUSION

Having reviewed the transcripts of the state court proceedings, both the criminal proceedings and the proceedings on the writ for habeas corpus, and the state records, the Court finds that petitioner has not presented any viable grounds warranting the grant of her application for writ of habeas corpus. While under oath, petitioner admitted to the crimes which she was charged and agreed to accept the penalty and pay restitution. A review of the proceedings shows that the plea was made knowingly and voluntarily. Petitioner's constitutional rights were not violated at any time during the proceedings. Accordingly, it is hereby

ORDERED that petitioner's applications for writ of habeas corpus (Dockets #1 & #75) are denied.

IT IS FURTHER ORDERED that the report and recommendations of the magistrate judge (Docket #62) is adopted by the Court and petitioner's objections are overruled.

Dated this 21st day of July, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE